UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONIA JONES,<br><br>        Plaintiff,<br><br>vs.<br><br>FRESNO COUNTY JAIL,<br><br>        Defendant. | 1:15-cv-01277-EPG-PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (ECF NO. 1)<br><br>THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |

### I.  BACKGROUND

LaTonia Jones ("Plaintiff") is a prisoner at Fresno County Jail proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant 42 U.S.C. § 1983.  On August 20, 2015, Plaintiff filed her complaint, which is before this Court for screening.  (ECF No. 1).

On September 3, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) and no other parties have made an appearance.  (ECF No. 4).  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

In Plaintiff's complaint, she voices the concern that Fresno County Jail does not have sufficient fire prevention and safety precautions.  Plaintiff became concerned when there was a fire the previous year and the evacuation procedures did not appear sufficient.  Plaintiff's

concerns are not sufficient to state a claim for a constitutional violation because they do not establish that, if true, that the conditions of confinement expose Plaintiff to an excessive risk to her safety due to fire.  This order provides the legal standards for evaluating such a claim and provides Plaintiff leave to file an amended complaint if she chooses.

**II.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976)).

\\\

\\\

### III. SUMMARY OF COMPLAINT

Plaintiff alleges that fire prevention and other safety precautions may constitute violations of the Eighth Amendment of the Constitution. Plaintiff explains that last year there was a fire in D-pod and the roof in Fresno County jail. Female inmates were taken to the second floor gym and other female inmates were locked in cells. A news reporter was told that the inmate was removed from the jail.

Plaintiff notes that under Title 15, Article 15, the facility administrator shall consult with the local fire department having jurisdiction over the facility, with the state fire marshal, or both in developing a fire suppression plan. Plaintiff suggests that because inmates are held long term in county jails, Fresno County Jail should have fire drills. Plaintiff also notes that the old jail has been condemned on two occasions and keeps reopening.

### IV. PLAINTIFF'S CLAIMS

#### A. Legal Standards

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

"[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). A local governmental unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Therefore, a plaintiff must go beyond the *respondeat superior* theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit, because municipal liability must rest on the actions of the municipality, and not the actions of the employees of the municipality. Id. at 4-5. Additionally, the policy or custom must reflect deliberate indifference to the constitutional right. City of Canton, Ohio v. Harris, 489 U.S. 378, 392 (1989); Castro v. Cty. of Los Angeles, No. 12-56829, 2016 WL 4268955, at *9 (9th Cir. Aug. 15, 2016). The deliberate indifference standard for municipalities and local governmental entities involves an objective inquiry. Farmer v. Brennan, 511 U.S. 825, 840–41 (1994); Castro, 2016 WL 4268955 at *11.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.[1] See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "... embodies broad and idealistic concepts

---

[1] The Court notes that "[i]nmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." Castro, 2016 WL 4268955, at *4. Plaintiff has not specified whether she has already been convicted, so the Court does not know whether Plaintiff is claiming a violation of her Eighth Amendment rights or her Fourteenth Amendment rights. While it does not affect the Court's analysis at this time, if Plaintiff amends her complaint she should specify whether she has been convicted.

of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).

Prisoners have the right not to be subjected to the unreasonable threat of injury or death by fire and need not wait until actual casualties occur in order to obtain relief from such conditions. Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985) (concluding "that the safety hazards found throughout the penitentiary's occupational areas, exacerbated by the institution's inadequate lighting, seriously threaten the safety and security of inmates and create an unconstitutional infliction of pain."). Persons involuntarily confined by the state have a constitutional right to safe conditions of confinement. See Youngberg v. Romeo, 457 U.S. 307, 315–16 (1982); Santana v. Collazo, 714 F.2d 1172, 1183 (1st Cir. 1983). To state a claim for unconstitutional conditions of confinement, a plaintiff must allege a defendant's acts or omissions deprived the inmate of "the minimal civilized measure of life's necessities" and the defendant acted with deliberate indifference to an excessive risk to inmate health or safety. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting Farmer, 511 U.S. at 834); see Estate of Ford v. Ramirez—Palmer, 301 F.3d 1043, 1049–50 (9th Cir. 2002). Not every deviation from ideally safe conditions amounts to a constitutional violation, see, e.g., Santana, 714 F.2d at 1183. However, the Eighth Amendment entitles inmates in a penal institution to an adequate level of personal safety. This is required because inmates, by reason of their confinement, cannot provide for their own safety. Santana, supra, 714 F.2d at 1183. See also Estate of Ford v. Gamble, 1976, 429 U.S. 97, at 103–04 (1976).

18 U.S.C. § 3626 limits the court's ability to grant prospective relief regarding prison conditions as follows:

> (1) Prospective relief.--(A) Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse

impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626.

### B. Application to Plaintiff's Complaint

Plaintiff's complaint does not allege facts sufficient to conclude, even if accepted as true, that the County Jail is subjecting Plaintiff to unconstitutional conditions of confinement. Plaintiff's complaint notes concerns based on an event that occurred the year before. It does not appear that any inmate was harmed in that earlier event, or that the procedures were inadequate to protect inmate safety at that time. Plaintiff also expresses her belief that the County Jail should perform fire drills, but this too does not establish a violation of the Constitution. Fire drills pose security concerns for jails because inmates must be confined. Fire drills are not themselves a constitutional requirement. Instead, the jail must have sufficient safety precautions to ensure the safety of its prisoners. Plaintiff also suggests that the jail should work with fire officials to develop a fire safety plan, but it is not clear that the jail has failed to do so.

The Court will thus dismiss the complaint with leave to amend. If Plaintiff chooses to amend her complaint, she should plead facts relevant to the law described above to allege that the jail is deliberately exposing plaintiff to an excessive risk to her safety due to a fire hazard.

### V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state any cognizable claim upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days from the date of service of this order if she chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the

deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff is further advised that if she chooses to file an amended complaint she should specify whether she is a pretrial detainee or if she has already been convicted.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if she believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:15-cv-01277-EPG; and

\\\
\\\
\\\
\\\
\\\

4. If Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss the case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: __**October 6, 2016**__           /s/ *Erica P. Grosjean*
                                          UNITED STATES MAGISTRATE JUDGE