UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONIA JONES,<br><br>            Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY JAIL,<br><br>            Defendant. | 1:15-cv-01277-EPG (PC)<br><br>ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>ORDER FOR CLERK OF COURT TO CLOSE CASE |

LaTonia Jones ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 20, 2015. (ECF No. 1). On October 7, 2016, the Court screened the Complaint. (ECF No. 7). The Court found that the Complaint failed to state a claim. (Id.). Additionally, the Court warned Plaintiff that "[i]f Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss the case for failure to state a claim and failure to comply with a court order." (Id. at p. 8). Plaintiff failed to file an amended complaint within the 30 day period, and has still not filed an amended complaint. Accordingly, the Court will dismiss the case.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). While it has only been approximately sixty days since Plaintiff was ordered to file an amended complaint, the case has been pending since August of 2015, and there is no operative complaint in this case.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642 (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an amended complaint that is causing delay. The case is over a year old and there is no operative complaint. The case is now stalled until Plaintiff files an amended complaint. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. While dismissal is a harsh sanction, Plaintiff's complaint has already been dismissed (with leave to amend) for failure to state a claim and there is no operative complaint.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, based on the foregoing, it is **HEREBY ORDERED** that:
1. This action is DISMISSED pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) based on Plaintiff's failure to state a claim upon which relief may be

granted under § 1983[1] and for failure to comply with a Court order; and

2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 8, 2016**                /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] See ECF No. 7.